509 A.2d 1387

John M. Henagan, Appellant *v.* Janice Katz, M.D. and Department of Public Health, Community Health Services, Appellees.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John F. Raimondi,* for appellants.

*Carolann M. Mullin,* Assistant Counsel, with her, *Barbara W. Mather,* City Solicitor, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims, and *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, for appellees.

OPINION BY JUDGE PALLADINO, May 29, 1986:

John M. Henagan (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia (trial court) which entered judgment on the pleadings in favor of Appellees, Dr. Janice Katz and the City of Philadelphia (City). We affirm.

Appellant was a patient of the Philadelphia Community Health Service, which is operated by the City. Appellant was treated by Dr. Katz, an employee of the Community Health Service, who allegedly advised him on June 18, 1982, to discontinue the use of insulin for his diabetic condition. On June 21, 1982, Appellant was admitted to the hospital, suffering from diabetic shock.

Appellant filed suit against the City, Dr. Katz and the Community Health Service, averring negligence. The City and Dr. Katz, in their new matter, asserted that Appellant's claim was barred by the Political Subdivision Tort Claims Act (Act), 42 Pa. C. S. §§8541-8564. The City then filed a Motion for Judgment on the Pleadings, which the trial court granted on August 1, 1984, based on the City's immunity under section 8541 of the Act. Dr. Katz, who was initially represented by separate counsel, and later by the City, also filed a Motion for Judgment on the Pleadings, which the trial court granted on September 12, 1984, for the same reason.

Appellant, in this appeal from the September 12, 1984 order, asserts that the City and its employees should not be immune from suit because the State, pursuant to exceptions in Section 8522 of the Sovereign Immunity Act, 42 Pa. C. S. §8521-8528, is liable for negligent acts of its health care employees. *See* 42 Pa. C. S. §8522(b)(2). We cannot accept this proposition. The Sovereign Immunity Act and the Political Subdivision Tort Claims Act are distinct sections of legislation.

We cannot, when the statutory language is clear, assume that the legislature intended the exceptions from Sovereign Immunity to apply to municipalities. Because the Political Subdivision Tort Claims Act does not provide an exception to immunity for acts of health care personnel, the trial court correctly granted Dr. Katz's Motion for Judgment on the Pleadings.

Affirmed.

ORDER

AND NOW, May 29, 1986, the order of the Court of Common Pleas of Philadelphia, dated September 12, 1984, at No. 3119 January Term 1983, is affirmed.