613 A.2d 613

**CITY OF PHILADELPHIA and Philadelphia Fire Department, Appellants,**

**v.**

**Bruce GLIM, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted June 16, 1992.

Decided July 31, 1992.

492

Alan C. Ostrow, Chief Asst. City Sol., for appellants.

Richard P. Hunter, Jr., for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia (City) and the Philadelphia Fire Department (Department) appeal (1) the August 9, 1991 order of the Court of Common Pleas of Philadelphia County (trial court) which denied the City and the Department's motion for judgment on the pleadings and (2) the August 30, 1991 order of the trial court which denied the City and the Department's petition for reconsideration of the trial court's August 9 order. We vacate and remand for the entry of judgment on the pleadings.

On July 12, 1990, appellee Bruce Glim (Claimant) filed a writ of summons to commence a civil action against the City, the Department, and unnamed employees of the Department's Medic Unit. On October 5, 1990, Claimant filed a complaint alleging (1) that, on July 31, 1988, he suffered a medical emergency to which the Department's Medic Unit responded and (2) that the City and the Department negligently handled Claimant's July 31 emergency by failing to provide proper medical care and by failing properly to train, equip and supervise the persons in the Medic Unit who responded to Claimant's emergency.

On October 24, 1990, the City and the Department filed preliminary objections which averred that Claimant's complaint should be dismissed because the City and the Department had governmental immunity and because the Depart-

ment was not a separate legal entity which could be sued apart from the City. Claimant filed an answer to the preliminary objections and alleged for the first time that City/Department employees willfully failed to provide him with oxygen and cardiopulmonary resuscitation (CPR) when they responded to his medical emergency. Claimant did not address the assertion of governmental immunity or the assertion that the Department was not a separate legal entity amenable to suit. On March 15, 1991, the preliminary objections were summarily overruled without explanation. On March 28, 1991, the City filed a petition for reconsideration which was summarily dismissed without explanation on April 10, 1991.

On April 19, 1991, the City and the Department filed an answer and new matter to which Claimant replied. Thereafter, on June 12, 1991, the City and the Department filed a motion for judgment on the pleadings in which they raised the defense of governmental immunity as a bar to Claimant's recovery from them and in which they reiterated that the Department was not a separate legal entity which could be sued apart from the City. On July 26, 1991, Claimant filed an answer to the motion wherein Claimant asserted that the City and the Department had previously argued the same issues in their preliminary objections which had been overruled and reasserted that the City/Department employees had engaged in willful misconduct toward him. On July 30, 1991, the City filed a reply memorandum stating that Claimant had failed to address the issue of the Department's inability to be sued as a separate legal entity and had failed to designate the governmental immunity exception in which his claim for relief allegedly fell.

On August 9, 1991, the trial court issued an order which summarily and without explanation denied the City and the Department's motion for judgment on the pleadings. On August 23, 1991, the City and the Department filed a petition for reconsideration or alternatively for certification of the interlocutory August 9 order for immediate appellate review. The City and the Department also sought oral argument on their petition pursuant to Pa.R.C.P. No. 211. On August 30,

1991, without conducting oral argument, the trial court issued an order which summarily denied reconsideration and certification of the interlocutory August 9 order for appellate review. By filing a petition for review in accordance with the Note following Pa.R.A.P. 1311, the City and the Department then sought permission from the commonwealth court to appeal the interlocutory August 9 and August 30 orders. By a single-judge order issued November 13, 1991, the commonwealth court granted the petition for review and thereby allowed the appeal of both interlocutory orders pursuant to Pa.R.A.P. 1311 and its accompanying Note.[1]

■ On appeal, we are asked to decide whether the trial court erred in denying judgment on the pleadings [2] because the Department was not subject to suit as a legal entity separate from the City and the City was immune from liability under sections 8541–8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

■ First, we hold that the trial court erred in not granting judgment on the pleadings in favor of the Department because the Department may not be sued as though it were a legal entity separate from the City. Pursuant to section 11 of the Act of April 21, 1855, P.L. 264, 53 P.S. § 16257, all suits against any department of the City must be brought in the name of the City itself because the departments of the City do

1. In conformity with Pa.R.A.P. 123(e), we hold today that permission to appeal the August 30, 1991 order was improvidently granted inasmuch as the refusal of a trial court to reconsider an order is not reviewable on appeal. *In re Merrick Estate*, 432 Pa. 450, 247 A.2d 786 (1968); *In re Appeal of Sgro*, 67 Pa.Commonwealth Ct. 304, 447 A.2d 325 (1982); *Valentine v. Wroten*, 397 Pa.Superior Ct. 526, 580 A.2d 757 (1990), *petition for allowance of appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991). An appeal lies only from the underlying order which the trial court refused to reconsider assuming arguendo that the underlying order is appealable under the rules of appellate procedure at Pa.R.A.P. 311, 312, 313, and 341. Consequently, the only order properly before us in this appeal is the trial court's August 9, 1991 order denying the City and the Department's motion for judgment on the pleadings.

2. Our scope of review of the denial of a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Mathias v. Richland School District*, 140 Pa.Commonwealth Ct. 298, 592 A.2d 811 (1991).

not have an independent corporate existence. *Baldi v. City of Philadelphia,* 609 F.Supp. 162 (E.D.Pa.1985); *see Matteo v. City of Philadelphia,* 99 Pa.Commonwealth Ct. 152, 512 A.2d 796 (1986), *petition for allowance of appeal denied,* 514 Pa. 650, 524 A.2d 496 (1987) (the City and its employee-physician were sued for alleged negligent medical treatment provided at one of the City's health department offices, but the City's health department was not separately sued). For the remainder of this opinion, we shall therefore refer solely to the City and shall not refer separately to the Department.[3]

■ Next, we hold that the trial court erred in denying judgment on the pleadings in favor of the City because the City was immune from suit under 42 Pa.C.S. § 8542. A claimant seeking to impose liability on a local agency has the burden of establishing (1) that a common-law or statutory cause of action exists against the local agency as a result of a negligent act of the local agency or its employee acting within the scope of his employment, 42 Pa.C.S. § 8542(a), and (2) that the negligent act falls within one of the eight exceptions to sovereign immunity enumerated in subsection 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b). In the present case, Claimant has alleged (1) that the City was negligent in failing to provide him with proper emergency medical care and in failing properly to train, equip and supervise the Medic Unit personnel who responded to Claimant's emergency and (2) that City employees willfully failed to provide him with oxygen and CPR.

■ To the extent that Claimant has averred negligence on the part of the City and its employees, the wording of subsection 8542(b) bars Claimant's recovery. In *Weissman v. City of Philadelphia,* 99 Pa.Commonwealth Ct. 403, 513 A.2d 571 (1986); *Matteo,* and *Henagan v. Katz,* 97 Pa.Commonwealth Ct. 512, 509 A.2d 1387 (1986), we held that governmental immunity bars medical malpractice suits against the City and

---

**3.** In its opinion written in conformity with Pa.R.A.P. 1925, the trial court states that it improvidently issued its August 9 and August 30 orders because the Department was not amenable to suit as a separate legal entity apart from the City.

against health care workers employed by the City[4] because negligence involving medical treatment does not fall within any of the governmental immunity exceptions at 42 Pa.C.S. § 8542(b).[5] Therefore, even assuming arguendo that Claimant could establish a common-law or statutory cause of action against the City based on the alleged negligent acts, Claimant's recovery from the City and its employees would be barred by the doctrine of governmental immunity on the ground that the alleged negligent acts fit within none of the eight exceptions to governmental immunity listed at 42 Pa.C.S. § 8542(b).[6]

To the extent that Claimant has averred willful misconduct on the part of City employees, the unequivocal wording of subsection 8542(a)(2) of the Judicial Code, 42 Pa.C.S. § 8542(a)(2), bars Claimant's recovery from the City. Subsection 8542(a)(2) declares that liability may be imposed on a local

4. Section 8545 of the Judicial Code, 42 Pa.C.S. § 8545, states that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only *to the same extent as his employing local agency....*" (Emphasis added.)

5. The governmental immunity exceptions set forth in 42 Pa.C.S. § 8542(b) cover the following eight topics: the operation of any motor vehicle in the possession or control of the local agency; the care, custody or control of personal property of others in the possession or control of the local agency; the care, custody or control of real property in the possession of the local agency; a dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency; a dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way; a dangerous condition of streets owned by the local agency or of streets owned or under the jurisdiction of a Commonwealth agency if the local agency has a written maintenance and repair contract with the Commonwealth agency; a dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, and the care, custody or control of animals in the possession or control of a local agency.

6. In its opinion written in conformity with Pa.R.A.P. 1925, the trial court states that it improvidently issued its August 9 and August 30 orders because the City was entitled to a ruling that Claimant's assertion of negligence in providing medical treatment did not fall within an exception to governmental immunity at 42 Pa.C.S. § 8542(b) and that the City was thus not liable for damages stemming from Claimant's injury.

agency only for *negligent acts* which subsection 8542(a)(2) defines as excluding "acts or conduct which constitutes a crime, actual fraud, actual malice or *willful misconduct.*"[7] (Emphasis added.)

Contrary to Claimant's assertion, section 8550 of the Judicial Code, 42 Pa.C.S. § 8550, does not create an exception to section 8542 and therefore does not permit the imposition of liability on the City for the willful misconduct of its employees. In lawsuits where it has been judicially determined that an injury resulted from a local agency employee's commission of an act constituting a crime, actual fraud, actual malice or willful misconduct, section 8550 renders inapplicable sections 8545, 8546, 8548, and 8549 of the Judicial Code[8] which enable local agency employees to assert the defense of official immunity for their actions performed in the scope of their office or duties.[9] Nothing in section 8550 renders section 8542 inapplicable to lawsuits involving an injury that resulted from a local agency employee's commission of a crime, actual fraud, actual malice or willful misconduct. *King v. City of Philadelphia*, 107 Pa.Commonwealth Ct. 126, 527 A.2d 1102 (1987), *allowance of appeal denied*, 522 Pa. 621, 563 A.2d 889 (1989); *Weissman; Steiner v. City of Pittsburgh*, 97 Pa.Commonwealth Ct. 440, 509 A.2d 1368 (1986).

Finally, we examine Claimant's argument that, even if the complaint failed to state a cause of action for which Claimant could recover from the City under 42 Pa.C.S. § 8542, the trial court lacked authority to grant the City's motion for judgment on the pleadings. Specifically, Claimant contends that, be-

7. In its opinion written in conformity with Pa.R.A.P. 1925, the trial court states that it improvidently issued its August 9 and August 30 orders because the City was entitled to a ruling that it was not subject to liability under section 8542 for the willful misconduct of its employees.

8. 42 Pa.C.S. §§ 8545, 8546, 8548, and 8549.

9. If Claimant is able to establish the willful misconduct of City employees, Claimant may be able to recover directly from those employees pursuant to section 8550. *E.g., Lancie v. Giles*, 132 Pa.Commonwealth Ct. 255, 572 A.2d 827 (1990).

cause the City's preliminary objections and motion for judg-
ment on the pleadings asserted the same basis for relief (i.e.,
governmental immunity), the trial court's overruling of the
City's preliminary objections precluded the trial court's grant-
ing of the City's subsequent motion for judgment on the
pleadings. We disagree.

In *Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d
864 (1987), the commonwealth court recognized that

> [t]he general rule is that absent some new evidence, it is
> improper for a trial judge to overrule an interlocutory order
> entered by another judge of the same court involving the
> same issue. . . . The policy underlying this rule . . . is that
> there must be some finality to the determination of all
> pretrial applications so that judicial economy and efficiency
> can be maintained.

*Id.* at 177, 525 A.2d at 866. In *Farber,* as in the present case,
a trial court judge had overruled the City's preliminary objec-
tions which asserted the defense of governmental immunity,
and the City had then filed a motion for judgment on the
pleadings which reasserted the defense of governmental im-
munity. The commonwealth court held that the entry of
judgment on the pleadings by a second trial court judge was
proper because the prior order overruling the City's prelimi-
nary objections was not accompanied by an explanation of the
basis for the order and therefore, the commonwealth court
could not ascertain whether the trial court judge had over-
ruled the objections on the merits thereof (i.e., applicability of
the doctrine of governmental immunity) or on a perceived
procedural error (i.e., use of preliminary objections rather
than new matter to raise the affirmative defense of govern-
mental immunity [10]).

**10.** In *Wurth by Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct.
629, 584 A.2d 403 (1990), the commonwealth court held that the
defense of governmental immunity may be raised in preliminary objec-
tions in the nature of a demurrer regardless of Pa.R.C.P. No. 1030
which states that all affirmative defenses including governmental im-
munity must be raised in a responsive pleading under the heading
"New Matter."

In the case before us, the earlier trial court order [11] overruling the City's preliminary objections did not contain a statement of the reasons for the order and was not supplemented by an opinion explaining the basis for the order. Consequently, we cannot ascertain whether the order overruling the City's preliminary objections was premised on a determination that the City had not shown the applicability of the defense of governmental immunity. Under the *Farber* rationale, the trial court [12] thus had the authority to grant the City's subsequent motion for judgment on the pleadings which reasserted the defense of governmental immunity.

Nevertheless, the newest decisions of the Supreme Court of Pennsylvania call into question the continued validity of the *Farber* rationale and convince us that, *with respect to the defense of governmental immunity,* the *Farber* rationale has been supplanted by the supreme court's broader analysis of governmental immunity articulated in *In re Upset Sale of Properties (Skibo),* 522 Pa. 230, 560 A.2d 1388 (1989).

In *Skibo,* the supreme court declared that the "[d]efense of governmental immunity is an absolute defense ... and is not waivable, nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *Id.* at 232, 560 A.2d at 1389. The supreme court reasoned that the defense of governmental immunity is absolute and non-waivable because it constitutes "a substantive right designed to protect [a local agency's] very existence" by preventing the agency from being "engulfed in a tidal wave of liability" and unnecessary, costly and time-consuming litigation. *Id.* at 232, 560 A.2d at 1389.

Recent commonwealth court decisions have cited and expressly followed the *Skibo* analysis. For example, in *Comyn v. Southeastern Pennsylvania Transportation Authority,* 141 Pa.Commonwealth Ct. 53, 594 A.2d 857 (1991), the commonwealth court ruled that the City's petition to open a default

11. I.e., the ruling by Judge Nicholas M. D'Alessandro of the Court of Common Pleas of Philadelphia County.

12. I.e., in a later ruling by Judge Albert W. Sheppard, Jr. of the Court of Common Pleas of Philadelphia County.

judgment should be granted on the ground that the City had a meritorious defense (governmental immunity) even though the City had not raised the defense of governmental immunity in any trial court pleading or in its petition to open. In *Guinn v. Alburtis Fire Co.*, 134 Pa.Commonwealth Ct. 270, 577 A.2d 971 (1990), *petition for allowance of appeal granted sub nom. Petition of Alburtis Fire Co.*, 527 Pa. 625, 592 A.2d 45 (1991), the commonwealth court held that the defense of governmental immunity was not waived where it had been raised in preliminary objections rather than in a responsive pleading under the heading "New Matter." In *Lancie v. Giles*, 132 Pa.Commonwealth Ct. 255, 572 A.2d 827 (1990), the commonwealth court held that local agency employees were not collaterally estopped from raising the defense of governmental immunity for the first time on remand of the case from the commonwealth court to the trial court. In *Favoroso v. Bristol Borough*, 131 Pa.Commonwealth Ct. 231, 569 A.2d 1045 (1990), the commonwealth court held that the defense of immunity was not waived where it had been raised for the first time in the brief in support of the local agency's motion for summary judgment.

Indisputably, the supreme court's analysis in *Skibo* and the commonwealth court's decisions in *Comyn, Guinn, Lancie,* and *Favoroso* set forth the principle that the governmental immunity defense is non-waivable and so may be raised at any time. Applying this principle to the present case, we conclude that, although the trial court (through Judge Nicholas M. D'Alessandro) had previously overruled the City's preliminary objections which asserted the governmental immunity defense, the trial court (through Judge Albert W. Sheppard, Jr.) had the authority to grant the City's subsequent motion for judgment on the pleadings which reasserted the governmental immunity defense.

Accordingly, we vacate the August 9 and August 30, 1991, orders of the trial court and remand to the trial court for the entry of judgment on the pleadings in favor of the City and the Department on all counts raised in Claimant's complaint.

## ORDER

AND NOW, July 31, 1992, the August 9 and August 30, 1991, orders of the Court of Common Pleas of Philadelphia County in the above-captioned case are hereby vacated, and this case is hereby remanded to the Court of Common Pleas of Philadelphia County for the entry of judgment on the pleadings in favor of the City of Philadelphia and the Philadelphia Fire Department on all counts raised in the complaint of Bruce Glim.

Jurisdiction is hereby relinquished.