618 A.2d 1236

**CITY OF PHILADELPHIA and Department of Public Health and Community Health Services, Appellants,**

**v.**

**Monica BROWN and Roy Brown and Dr. Gene Newton.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Dec. 23, 1992.

Alan C. Ostrow, Asst. City Sol., for appellants.

Allen L. Feingold, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia and its Department of Public Health and Community Health Services (collectively, City) appeal (1) the December 31, 1987 order of the Court of. Common Pleas of Philadelphia County (trial court) which denied City's motion for judgment on the pleadings, and (2) the February 10, 1992 order of the trial court which denied the City's petition for certification under 42 Pa.C.S. § 702(b).[1] We vacate and remand for the entry of judgment on the pleadings.

On March 15, 1982 Monica and Roy Brown (Appellees) filed a complaint against the City of Philadelphia, the City's Department of Public Health and Community Health Services, and Dr. Gene Newton, a City employee, alleging medical malpractice and willful misconduct. The complaint averred that, following Monica's treatment at a City public health center where Dr. Newton ordered that x-rays be taken of Monica, Monica discovered that she was pregnant and that the x-rays could harm the fetus. The complaint further averred

1. Pursuant to 42 Pa.C.S. § 702(b), a trial court may certify that its interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from its order might materially advance the ultimate determination of the matter before it.

that this caused her to suffer psychological stress and led her to seek an abortion because of the possible injury to the fetus.

The City filed preliminary objections to the complaint asserting governmental immunity under the Political Subdivision Tort Claims Act (Act), sections 8541 through 8564 of the Judicial Code, 42 Pa.C.S. §§ 8541–8564. The trial court overruled the preliminary objections and ordered the City to file an answer. The City filed an answer and asserted, by way of new matter, all of the defenses, immunities, and limitations of damages available to it under the Act.

The City then moved for judgment on the pleadings, contending that Appellees' action was not within the eight exceptions to governmental immunity set forth in 42 Pa.C.S. § 8542. By order of December 31, 1987, the trial court denied this motion, holding that the defense of immunity was not available against the allegations of willful misconduct set forth in the complaint.

The City appealed to this court. This court quashed the appeal, holding that an interlocutory order rejecting a claim of immunity is not a final appealable order, or an appealable collateral order because it is not separate from and collateral to the main cause of action. *Brown v. City of Philadelphia, Department of Public Health,* 126 Pa.Commonwealth Ct. 549, 560 A.2d 309 (1989), *petition for allowance of appeal denied,* 529 Pa. 625, 600 A.2d 540 (1991).

On December 30, 1991, the City filed a petition to amend the trial court order of December 31, 1987 pursuant to 42 Pa.C.S. § 702(b) in order to certify the issue for interlocutory appeal. The trial court denied the certification petition by order of February 10, 1992. The City then filed a petition for review with this court in accordance with the Note following Pa.R.A.P. 1311.[2] By order of May 7, 1992, this court granted

2. According to the Note following Pa.R.A.P. 1311, where the trial court refuses to certify an interlocutory order, a petition for review requesting appellate review may be filed with the appellate court which would ultimately have jurisdiction if a final order were entered in the matter. The purpose of the petition for review in such cases is to test the discretion of the trial court in refusing to certify its order for purposes of appeal. *Commonwealth v. Boyle,* 516 Pa. 105, 532 A.2d 306 (1987).

the City permission to appeal from the December 31, 1987[3] and February 10, 1992 orders of the trial court, and directed that the matter be certified to this court.[4]

The issue raised on appeal by the City is whether the trial court erred in denying the City's motion for judgment on the pleadings because the City is immune from liability for claims of willful misconduct. Our scope of review of a trial court order denying judgment on the pleadings is limited to determining whether the trial court committed an error of law or abused its discretion. *Mathias v. Richland School District,* 140 Pa.Commonwealth Ct. 298, 592 A.2d 811 (1991).

The City argues that the trial court erred in determining that Appellees had a cause of action against the City based on 42 Pa.C.S. § 8550, the willful misconduct exception to official immunity.[5] The City argues that section 8550 exposes municipal employees to personal liability without destroying the shield of immunity protection for municipalities under the Act, and that therefore, the City is not liable for the willful

Under Pa.R.A.P. 1311, if review is granted by the appellate court and it determines that the trial court abused its discretion in refusing to certify its order, the appeal will then proceed on the merits. *Id.*

3. To the extent that the City's petition to amend the trial court order of December 31, 1987 pursuant to 42 Pa.C.S. § 702(b) was procedurally defective because it was not filed until almost four years later, our Supreme Court in 1989 made the pronouncement in *In re the Upset Sale of Properties,* 522 Pa. 230, 232, 560 A.2d 1388, 1389 (1989), that the: "Defense of governmental immunity is an absolute defense . . . and is not waivable, [citation omitted] nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature."

4. Because this court's May 7, 1992 order granted the City permission to appeal and directed that the matter be certified to this court, we need only address the December 31, 1987 trial court order denying the City's motion for judgment on the pleadings.

5. Section 8550 provides:
   In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.
   42 Pa.C.S. § 8550.

misconduct of its employees as alleged by Appellees. We agree.

The recent case of *City of Philadelphia v. Glim,* 149 Pa.Commonwealth Ct. 491, 613 A.2d 613 (1992), is dispositive. In *Glim* this court addressed the same issue raised by the City here, stating:

> To the extent that Claimant has averred willful misconduct on the part of City employees, the unequivocal wording of subsection 8542(a)(2) of the Judicial Code, 42 Pa.C.S. § 8542(a)(2), bars Claimant's recovery from the City. Subsection 8542(a)(2) declares that liability may be imposed on a local agency only for *negligent acts* which subsection 8542(a)(2) defines as excluding 'acts or conduct which constitutes a crime, actual fraud, actual malice or *willful misconduct.*' [Footnote omitted]. [Emphasis in original].
>
> Contrary to Claimant's assertion, section 8550 of the Judicial Code, 42 Pa.C.S. § 8550, does not create an exception to section 8542 and therefore does not permit the imposition of liability on the City for the willful misconduct of its employees.... Nothing in section 8550 renders section 8542 inapplicable to lawsuits involving an injury that resulted from a local agency's employee's commission of a crime, actual fraud, actual malice or willful misconduct. *King v. City of Philadelphia,* 107 Pa.Commonwealth Ct. 126, 527 A.2d 1102 (1987), *allowance of appeal denied,* 522 Pa. 621, 563 A.2d 889 (1989); *Weissman [v. City of Philadelphia,* 99 Pa.Commonwealth Ct. 403, 513 A.2d 571 (1986) ]; *Steiner v. City of Pittsburgh,* 97 Pa.Commonwealth Ct. 440, 509 A.2d 1368 (1986).

*Glim* at 498–99, 613 A.2d at 617.

Therefore, in the present case, Appellees' assertion of willful misconduct on the part of the City's employees does not expose the City, itself, to liability under section 8550. Consequently, the trial court erred in denying the City's judgment on the pleadings on the basis that the defense of immunity was not available to the City on the allegations of willful misconduct set forth in Appellees' complaint.

Accordingly, we vacate the December 31, 1987 order of the trial court and remand for the entry of judgment on the pleadings in favor of the City.

### ORDER

AND NOW, December 23, 1992, the December 31, 1987 order of the trial court in the above-captioned matter is vacated, and the case is remanded to the Court of Common Pleas of Philadelphia County for the entry of judgment on the pleadings in favor of the City of Philadelphia and its Department of Public Health and Community Health Services on all counts raised in the complaint of Monica and Roy Brown.

Jurisdiction relinquished.