## Mason v. City of Allentown

542

*Peter K. Janczyk*, for plaintiff.
*Thomas M. Caffrey*, for defendants.

REICHLEY, *J.*, September 19, 2013—Defendant city of Allentown has filed a motion for summary judgment seeking summary judgment on the basis that plaintiff's claim is barred by the Political Subdivision Tort Claims Act. For the reasons set forth herein, defendant's motion is denied.

## Factual and Procedural History

Russell Mason, plaintiff, was riding his bicycle in the area of Sixteenth and Utica Streets in Allentown, Lehigh County, Pennsylvania on August 8, 2010. While riding, the front wheel of plaintiff's bicycle hit a pothole, which caused plaintiff to be ejected from the bicycle and resulted in personal injuries.

Plaintiff file a complaint on August 2, 2012. In the complaint, he alleged the city of Allentown was negligent because it owns both 16th Street and Utica Street, the pothole constituted a dangerous condition, and defendant had actual or constructive notice of the dangerous condition of the street prior to the accident.

The instant motion for summary Judgment was filed on June 18, 2013. In its summary judgment motion, defendant relies on the Political Subdivision Tort Claims Act as a bar to plaintiff's claim. The parties briefed the issue and argument was held on September 10, 2013.

This opinion follows.

## Standard of Review

Before the court is a motion for summary judgment. The standard for summary judgment is well-established.

A court may grant a motion for summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bronson v. Horn*, 830 A.2d 1092 (Pa. Cmwlth. 2003), *aff'd*, 577 Pa. 653, 848 A.2d 917 (2004), *cert. denied*, 543 U.S. 944, 125 S.Ct. 369, 160 L.Ed.2d 257 (2004). The right to judgment must be clear and free from doubt. *Id.* In reviewing the granting of a motion for summary judgment, this court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001).

*Lambert v. Katz*, 8 A.3d 409, 413 n.3 (Pa. Cmwth. 2010).

## Discussion and Conclusions of Law

The issue before the court is whether plaintiff's claim is barred by the Political Subdivision Tort Claims Act's provision for governmental immunity. Under the Act,

(a) Liability Imposed. — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in [the Governmental Immunity] subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common

law or a statute creating a cause of action if the injury were caused by a person not having available a defense under [the Governmental Immunity section]...and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S.A. §8542(a).

The Tort Claims Act imposes a shield of governmental immunity against any damages arising from any injury to any person or property caused by an act of a local agency or its employees or agents except within the limited avenues for recovery provided by the statute. *Kiley by Kiley v. City of Philadelphia*, 645 A.2d 184, 185 (Pa. Cmwth. 1994). A plaintiff seeking to impose liability on a local agency has the burden of establishing two things: (1) a common law or statutory cause of action exists as a result of negligence of the agency or an employee acting within the scope of his employment, and (2) the negligent act falls within one of the eight exceptions specifically enumerated in the Tort Claims Act. *City of Philadelphia v. Glim*, 613 A.2d 613, 616 (Pa. Cmwth. 1992).

The exception at issue here is the streets exception.[1] Under that section, liability relating to streets as set forth

---

1. Plaintiff asserts the pothole falls under either the "real property" or "streets" exception within 42 Pa.C.S.A. §8542(b). It cannot fall under the real property exception because streets are expressly excluded from coverage in that section. 42 Pa.C.S.A. §8542(b)(3)(iii).

as follows:

> [Liability may be imposed for the acts of a local agency or any of its employees relating to a] dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or *could reasonably be charged with notice under the circumstances of the dangerous condition* at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

*Id.* §8542(b)(6).

In this case, plaintiff concedes that defendant city of Allentown did not have actual notice based on failure by anyone to report the pothole to the city. However, plaintiff argues defendant had constructive notice of the pothole.

In order to establish constructive notice, a plaintiff must show that the defect existed for such a period of time that it could have been discovered and corrected through the exercise of reasonable care. *Murray v. Siegal*, 195 A.2d 790, 792 (Pa. 1963). A factfinder may draw reasonable inferences from circumstantial evidence tending to establish constructive notice of a dangerous condition. *See Ellis v. City of Pittsburgh*, 703 A.2d 593, 595-96 (Pa. Cmwth. 1997).

Here, an affidavit from Mark Shahda, a city of Allentown Streets Department employee for fifteen years, indicated that the Streets Department conducts an inspection of all city streets for purposes of preparing a

city-wide resurfacing plan. (Defendant's exhibit A, at 1.) During that inspection, if a pothole or other problem is observed by the inspector, he must advise the dispatcher from the Streets Department, who in turn prepares a work order. (*Id.*) Members of the public are also able to notify the Streets Department of any potholes by calling the pothole hotline maintained by the department. (*Id.*) According to Mr. Shahda, in the three years prior to the accident, there were not any reports of a pothole at 16th and Utica Streets in the city of Allentown. (*Id.* at 2.)

Plaintiff indicated during his deposition that he saw the pothole only once between the years 2005 and 2010. (Defendant's exhibit C.) At the time he saw it, it was small. (*Id.*) Plaintiff acknowledged that he lived only one half block away from the intersection of 16th and Utica Streets. (*Id.*) Plaintiff submitted an affidavit from Alyssa Gross, an adult individual who has resided continually at 638 North 16th Street, Allentown, Pennsylvania 18102 for the preceding five years. Ms. Gross' residence is in close proximity to the location of plaintiff's accident. According to Ms. Gross, the pothole in question has existed for the past five years and was never repaired.

In light of this case's factual state, the court must deny defendant's motion for summary judgment. The facts indicate plaintiff rode his bicycle at the intersection of 16th and Utica Streets in the city of Allentown, struck a pothole, and sustained injuries. The pothole has supposedly existed and grown over the preceding five years. There is not any question defendant did not have actual notice of the existence of the pothole. However, what appears to be missing from the factual record developed by the parties is any kind of documentation or proof that defendant

could affirmatively indicate the Streets Department inspected the intersection during its annual tour to develop a resurfacing plan. Without any factual record from the department that the intersection was inspected without any report of a pothole, there remains a material factual dispute which compels the court to deny the motion for summary judgment. Whether the annual inspection should have led to the Streets Department inspector discovering the pothole is a question of fact upon which the resolution of this matter hinges.

## Conclusion

Because there is a genuine issue of material fact concerning whether defendant city of Allentown can be deemed to have had constructive notice of the pothole at 16th and Utica Streets prior to plaintiff's accident such that it may be subject to liability, summary judgment is inappropriate at this time and must be denied.