IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,             :
         Appellant       :
                          :
     v.                 : No. 663 C.D. 2020
                          : SUBMITTED: September 18, 2020
North Whitehall Zoning Hearing   :
Board                     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                   FILED: November 13, 2020

Appellant Michael B. Selig (Selig) appeals from the Court of Common Pleas of Lehigh County's (Common Pleas) June 3, 2020 order sustaining the joint Preliminary Objections of North Whitehall Township Zoning Hearing Board (Board), Richard Benjamin, and Eugene Wolfgang to Selig's "Complaint for Compensatory Damages" (Complaint). Upon review, we quash Selig's appeal.

## I. Facts and Procedural History

The events preceding this appeal are fairly convoluted, but have been cogently summarized by the Honorable President Judge Edward Reibman:

> On or about June 7, 2012, Selig, through Aerotierra, LLC, a limited[]liability company wholly owned by him, filed an application with the Board (the "2012 Application") to establish a heliport on property at 5471 Route 309, Schnecksville, North Whitehall Township, Lehigh County (the "Property"). The Board denied the request on February 13, 2013 (the "Board's 2013 Decision"). Selig's appeal to [C]ommon [P]leas was denied by order of January 8, 2014, on the basis that he lacked standing to prosecute the appeal because he was not the titled owner of the Property. *Selig v. The Zoning Hearing Board of*

*North Whitehall Twp.*, Lehigh County No. 2013-C-0643 (Johnson, J.). The Commonwealth Court affirmed on July 22, 2014. *Selig v. The Zoning Hearing Bd of North Whitehall Twp.*, . . . (Pa. Cmwlth. [No. 180 C.D. 2014, filed] July 22, 2014).

Selig transferred title to the Property into his own name on April 4, 2014. He filed an application with the Board on June 13, 2014, for a special exception to use the Property as a heliport and a revised application on July 15, 2014 (the "2014 Application").[1]

> [1] Other than the change in title to the Property from Aerotierra to Selig, the only difference between the 2012 and 2014 applications was that Selig would use the heliport only for private use and refrain from engaging in flights involving organ donation.

On April 23, 2015, Selig requested the recusal of Benjamin and Wolfgang. They refused to recuse themselves and, after a hearing on the issue of recusal on June 17, 2015, the Board refused to require they do so. Rather than proceed on the merits of his application, Selig appealed the Board's decision on the issue of recusal to [C]ommon [P]leas. The court dismissed the appeal as interlocutory, *Selig v. North Whitehall Twp. Zoning Hearing Bd.*, Lehigh County No. 2015-C-2387; the Commonwealth Court affirmed; and the Supreme Court denied Selig's application for appeal. *Selig v. [Zoning Hearing Bd.] of N. Whitehall Twp.*, 164 A.3d 647 (Pa. Cmwlth. Ct. 2016), appeal denied, 169 A.3 1079 (Pa. 2017).

In the meantime, Selig continued to litigate on two additional fronts. He filed a petition with [C]ommon [P]leas on November 12, 2015, seeking permission to appeal *nunc pro tunc* the Board's 2013 decision and [Common Pleas'] January 8, 2014 decision. That petition was dismissed on November 16, 2015, (Johnson, J.), and the Commonwealth Court affirmed on August 8, 2016, *Selig v. The Zoning Hearing Bd. of North Whitehall Twp.,* . . . (Pa. Cmwlth. [No. 2600 C.D. 2015, filed] August 8, 2016). He also sued twice in federal court, where his efforts were equally unavailing. *Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, No. 5-14-cv-05303 (E.D.Pa.), *aff'd*,

653 Fed. App[']x. 155 (3d Cir. 2016), and *Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, . . . (E.D.Pa. [No. 17-4504, filed] April 24, 2018)[, 2018 WL 1942510].

The Board held hearings on June 17, and November 9 and 29, 2017, on the merits of Selig's 2014 Application. He again requested the recusal of Messrs. Benjamin and Wolfgang. The Board orally denied Selig's application following the November 29 hearing. Selig appealed to [C]ommon [P]leas, which quashed his appeal as premature. *Selig v. North Whitehall Twp. Zoning Hearing Bd., Lehigh County* No. 2017-C-3830 (Varricchio, J.). The Board confirmed its decision in writing on January 8, 2018. Selig appealed. *Selig v. North Whitehall Township ZHB*, Lehigh County No. 2018-C-0259.[2]

[2] Selig sent a two-page document by facsimile to the court on October 1, 2018, noting a hearing "occurred on June 1, 2018, four months ago but a decision has yet to be rendered," and reiterating many of his claims of error. It is ironic that Selig would complain about any delay. In June 2015, he refused to proceed on the merits of his appeal and, instead, took an interlocutory appeal to the Commonwealth Court [regarding] the failure of Benjamin and Wolfgang to recuse themselves and the Board's failure to order they be disqualified. His appeals to the Commonwealth Court, the Pennsylvania Supreme Court, and the various actions he maintained in the federal courts were all adjudicated against him. Following those appeals, and before a decision was rendered in Selig's most recent federal court case, hearings were held by the Board in November 2017. His appeal from the oral decision of the Board was dismissed as premature. His actions delayed resolution of the merits of his case by 2½ years. In addition, his *ex parte* communication with the court was wholly improper. In fact, Selig had been instructed to file pleadings with [Common Pleas'] Clerk and was admonished not to send any mail, facsimile or email directly to chambers. *See S*elig *v. The Zoning Hearing Bd. of N. Whitehall Twp.*, No, 2013-C-0643, order of October 14, 2013 (Johnson, J.).

By order of November 21, 2018, [Common Pleas] (Reibman, P.J.) reversed the Board's January 8, 2018, decision denying Selig's special use and variance application. [Common Pleas] remanded the matter to the

3

Board with instructions to treat Selig's application to establish a heliport on the Property as a permitted use by special exception in his zoning district. *Id.*

On remand, the Board apparently conducted a hearing on March 14, 2019, after which it imposed certain conditions on approving Selig's application. Selig claimed he had not received notice of that hearing, and the Board could not show that he had. On March 30, 2019[,] the Board was ordered to conduct a *de novo* hearing on conditions after serving Selig with notice. Selig filed a petition for damages in the zoning appeal matter on April 2, 2019. It was dismissed on May 15, 2020.

Selig commenced the instant action against the Board, Benjamin[,] and Wolfgang on September 24, 2019, with the filing of a 120[-]paragraph "Complaint for Compensatory Damages" alleging violations of the Fifth and Fourteenth Amendments to the United States Constitution, [U.S. CONST. amends. V and XIV,] (Count I) and . . . 42 U.S.C. §§1983 and 1985 (Count II), and claims of negligence and recklessness (Count III), oppression and/or deliberate indifference to the law (Count IV) and damages under . . . 42 Pa. C.S.[] §8542 and attorney's fees (Count V).

Common Pleas op., 6/3/20, at 2-4.

On October 14, 2019, the Board, Benjamin, and Wolfgang filed Preliminary Objections to the Complaint. They argued that the Complaint should be dismissed with prejudice on the bases of demurrer, governmental immunity, and *res judicata*. They also challenged the sufficiency of the Complaint's service and moved to strike Selig's request for attorney's fees. On November 12, 2019, Selig replied in opposition. On March 30, 2020, before Common Pleas ruled on the Preliminary Objections, Selig filed a Motion for Summary Judgment, to which the Board, Benjamin, and Wolfgang responded on April 15, 2020.

On June 3, 2020, Common Pleas sustained the Board's Benjamin's, and Wolfgang's joint Preliminary Objections and dismissed Selig's Complaint. In the

4

opinion attached to its order, Common Pleas explained that Counts I and II of the Complaint were identical to claims adjudicated in Selig's federal court actions and, thus, were barred by *res judicata*. *Id.* at 6-7. In addition, Common Pleas concluded that, even if *res judicata* did not apply, Selig did not, and could not, state viable claims under federal law that his civil and constitutional rights had been violated. *Id.* at 7-10. Common Pleas also determined that Selig's Pennsylvania tort law claims in Count III were barred by governmental immunity, as well as that Count IV was essentially duplicative of the federal civil rights claims he had raised in Counts I and II. *Id.* at 10-13. Further, Common Pleas ruled that the damages sought by Selig in Count V of his Complaint did not fall within any of the statutory exceptions to governmental immunity and were thus not legally recoverable. *Id.* at 14. Finally, Common Pleas held that Selig was not entitled to attorney's fees, because he was pursuing his lawsuit in a *pro se* manner, and he could not be awarded punitive damages, as they were unavailable in civil rights actions against municipalities and government employees operating in their official capacities. *Id.*

Common Pleas also issued another order on the same day, through which it dismissed Selig's Motion for Summary Judgment.

Selig appealed to this Court from Common Pleas' order sustaining the aforementioned joint Preliminary Objections.

## II. Discussion

Selig has submitted a markedly deficient appellate brief, which warrants outright quashal of his appeal.

## A. Preliminary Objections

"[W]e quash appeals when substantially defective briefs impede us from conducting meaningful appellate review." *Grosskopf v. Workmen's Compensation*

5

*Appeal Bd. (Kuhns Mkt.)*, 657 A.2d 124, 125 (Pa. Cmwlth. 1995) (internal footnote omitted). "[I]t is not the Court's role to become [an] appellant's counsel, and when [an] appellant's brief is inadequate to present specific issues for review, the Court will not consider the merits of the case[.]" *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (citing *Grosskopf*, 657 A.2d 124).

Here, Selig has abandoned, post-appeal, his challenge to Common Pleas' June 3, 2020 order which sustained the Board's, Benjamin's, and Wolfgang's joint Preliminary Objections and dismissed his Complaint. In his appellate brief, Selig makes no mention of that order. Instead, he explicitly states that he is instead attacking Common Pleas' dismissal of his Motion for Summary Judgment. *See* Selig's Br. at 6-7 (asserting that the order being appealed is the June 3, 2020 order dismissing Selig's Motion for Summary Judgment); *id.* at 8 ("This appeal addresses the same [C]ommon [P]leas court that rightly reversed the [Board's] denial decision, found them derestricts [sic] of their authority, but denied [Selig's] petition for Summary Judgement [sic] for damages when [Common Pleas] never conducted any trials to dispute [sic] the case."). Consequently, we take Selig at his word that he no longer disputes the propriety of Common Pleas' decision to sustain the Preliminary Objections.

We recognize that a brief's technical deficiencies may not warrant outright quashal of the underlying appeal if they "do[] not preclude this Court from discerning [an appellant's] arguments . . . or from performing meaningful review of the issues on appeal[.]" *Spring Creek Mgmt., L.P. v. Dep't of Pub. Welfare*, 45 A.3d 474, 482 n.10 (Pa. Cmwlth. 2012). Our review efforts are impeded, however, by the fact that "[Selig's] brief is [largely] a hotchpotch consisting of 'general rambling discourse' rife with invective, innuendo and insult[.]" *Wicker v. Civil Serv. Comm'n*,

460 A.2d 407, 409 (Pa. Cmwlth. 1983).[1] Moreover, Selig does not address Common Pleas' conclusion that his federal law-based civil rights claims are barred by *res judicata*.

To the extent we could theoretically disregard some of the technical deficiencies of Selig's Brief, he has also failed to adequately counter Common Pleas' conclusion that his state law-based claims are barred by governmental immunity.[2]

---

[1] For example, Selig writes that:

> Had the [Board] properly adjudicated in an unbiased manner the first time around, this current case under different conditions would not have been filed or appealed, became obfuscated in [Common Pleas]. The case would not have been propagated for years, unresolved, stirring the pot with the townspeople **that has exposed** [**Selig**] (a Cardiologist and Internist devoted to the wellbeing of the community for 30 years and Commercial Pilot, [Federal Aviation Administration] Certified Helicopter Flight Instructor and Certified Airframe/Powerplant (A&P mechanic)[)]] **to defamation, slander, public scorn, discrimination, stalking, burglary and made him a Victim of Terrorism, Death Threats to his life and Hate Crimes.**

> Due process and conflict of interest disclosures are the very first order of business to be established in any judicial system, at any level and Too Important of a Matter to not address at his [sic] time, in order to circumvent the corruption that has occurred in the **subjective Peyton Place, soap opera case scenario of the prior case.**

Selig's Br. at 18-19 (emphasis in original).

[2] Pa. R.C.P. No. 1030(3) provides that immunity from suit is an affirmative defense that must be raised in a responsive pleading under the heading of "new matter." *Id.* However, this Court has created limited exceptions to this rule. First, a party may raise the affirmative defense of immunity as a preliminary objection where it is clearly applicable on the face of the complaint; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity. *Wurth v. City of Philadelphia*, . . . 584 A.2d 403, 407 (Pa. Cmwlth. 1990) (*en banc*).

**(Footnote continued on next page…)**

7

Instead, Selig misquotes section 8542 of what is known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. § 8542, which sets forth exceptions to governmental immunity,[3] and confusingly references 42 Pa. C.S. § 5524(7), which

> Second, where a party erroneously asserts an immunity defense in a preliminary objection, the failure of the opposing party to file a preliminary objection to the defective preliminary objection in the nature of a motion to strike for lack of conformity to law waives the procedural defect and allows the trial court to rule on the immunity defense. *Id.*; *see Gallagher v. City of Philadelphia*, . . . 597 A.2d 747, 750 (Pa. Cmwlth. 1991).

*Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1021-22 (Pa. Cmwlth. 2014). Here, governmental immunity's applicability to this matter is apparent on the face of Selig's Complaint, and Selig did not challenge the procedurally premature invocation of this affirmative defense.

[3] Selig writes:

> In accordance to [sic] 42 Pa. C.S. § 8542,

> A local governmental agency will be liable for damages on account of injury to a person or property if both of the following conditions are met: (1) damages would be recoverable under common law or a statute creating a cause of action; and (2) the injury was caused by the negligent acts of the local agency or employee thereof acting within the scope of their office or duties.

Selig's Br. at 21-22. In reality, the relevant section of this statute states:

> Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied **and the injury occurs as a result of one of the acts set forth in subsection (b)**:

>> (1) The damages would be recoverable under common law or a statute creating a cause of action **if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity)**; and

>> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his

**(Footnote continued on next page…)**

8

establishes a two-year statute of limitations for certain civil actions and has nothing whatsoever to do with governmental immunity.[4] *See* Selig's Br. at 21-24. Selig also appears to accuse Benjamin and Wolfgang of unlawful conduct that, in Selig's view, would authorize damages for willful misconduct against the Board and these individuals under section 8550 of the Tort Claims Act, 42 Pa. C.S. § 8550.[5] *See* Selig's Br. at 21-24.

> It is well-settled that where a plaintiff has averred willful misconduct on the part of local agency employees, . . . 42

---

> office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa. C.S. § 8542(a) (emphasis added).

[4] This statute establishes that:

> The following actions and proceedings must be commenced within two years:
>
> . . . .
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa. C.S. § 5524(7).

[5] This statute provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. C.S. § 8550.

Pa. C.S. § 8542(a)(2)[] bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts. *City of Philadelphia v. Glim*, . . . 613 A.2d 613, 617 (Pa. Cmwlth. 1992); *City of Philadelphia v. Brown*, . . . 618 A.2d 1236, 1238-39 (Pa. Cmwlth. 1992). In addition, . . . 42 Pa. C.S. § 8550[] does not create an exception to [42 Pa. C.S. §] 8542(a)(2), and, as a result, a local agency may not be held liable for the willful misconduct of its employees. *Glim*, 613 A.2d at 617; *Brown*, 618 A.2d at 1238-39. In order to overcome the defense of governmental immunity, a plaintiff's claims against a local agency must sound in negligence and must fall within one of the eight enumerated exceptions to local agency immunity set forth in . . . 42 Pa. C.S. § 8542(b). *Glim*, 613 A.2d at 616-17.

*Orange Stones*, 87 A.3d at 1022. However, Selig does not identify the exception to such immunity under which the Board could be liable, and he cannot legally pursue his willful misconduct claim against the Board itself. Thus, Selig has failed to articulate on appeal how Common Pleas erred by ruling that governmental immunity bars Selig's state law-based claims against the Board.[6]

---

[6] To the extent that Selig argues in his brief that Benjamin and Wolfgang are not individually immune from his willful misconduct claims, we agree with Common Pleas that the factual circumstances of this matter, as pled by Selig, do not satisfy the requirements of 42 Pa. C.S. § 8550:

> Selig does not allege [their] conduct was criminal. . . . [In addition,] Selig failed to plead facts to support his claim [they] engaged in fraudulent acts. He has not pled facts to support a cause of action for malice, *i.e.*, intentionally doing a wrongful act without lawful or justifiable excuse. While Selig contends [they] ignored the law and disagreed with him, decisions by local agencies, including decisions made by individual board members, even if wrong, do not prove actual malice, *See Swartz v. Masloff*, 437 A.2d 472, 47[5] (Pa. [Cmwlth.] 1981). Nor has Selig pled facts to support a cause of action for willful misconduct, which, for purposes of § 8550, means "willful misconduct aforethought and is synonymous with 'intentional tort.'" *Orange Stones*[,] 87 A.3d [at] 1023. . . . More specifically, willful misconduct occurs when the actor desired to

**(Footnote continued on next page…)**

10

### III. Conclusion

Accordingly, on the basis for the foregoing analysis, we quash Selig's appeal due to the insurmountable deficiencies of his appellate brief.

_____
ELLEN CEISLER, Judge

---

bring about the result that followed, or at least that one was aware that it was substantially certain to ensue. *Id.* Selig claims the[ir] actions . . . resulted in the wrong decision because they failed to accept his legal arguments and apply the law he gave them. Even if true, the averred actions do not constitute, nor has Dr. Selig properly pled, facts which constitute willful misconduct or intentional tort.

Common Pleas op. at 12.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,
          Appellant

      v.

North Whitehall Zoning Hearing
Board

:
:
:
:
: No. 663 C.D. 2020
:
:
:
:

# **O R D E R**

AND NOW, this 13th day of November, 2020, Appellant Michael B. Selig's appeal is QUASHED.

_____
ELLEN CEISLER, Judge