IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                              :
              Appellant                   :
                                          :    No.  590 C.D. 2016
              v.                          :
                                          :    Submitted:  August 18, 2017
York County Prison, York County           :
Prison Medical Department, Prison         :
Health Services Inc., Corizon Health      :
Inc., Sandra M. Ulerick, Prime Care       :
Medical Inc., Jennifer Miosi, Ashley      :
Doe, Jane Doe, John Doe                   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  October 16, 2017


          Following two remands to the Court of Common Pleas of York County
(trial court), this case returns to us for resolution of one issue:  whether the trial court
erred in denying Lamar Brown (Brown) leave to amend his complaint to add and assert
claims against the Warden of York County Prison (Warden) as a party defendant.[1]

---

[1] In *Brown v. York County Prison*, (Pa. Cmwlth., No. 569 C.D. 2015, filed February 19, 2016)
(unreported) (*Brown I*), this Court granted the motion of defendant Prison Health Services, Inc., c/k/a
Corizon Health Services, Inc. (PHS), to dismiss Brown's appeal insofar as it related to that entity,
vacated the trial court's order dismissing Brown's complaint as it pertained to the other defendants
based on the statute of limitations, effectively reinstated Brown's complaint against those defendants,
and remanded to the trial court for further proceedings.  Later, in *Brown v. York County Prison*, (Pa.
Cmwlth., No. 590 C.D. 2016, filed April 5, 2017) (unreported) (*Brown II*), we vacated the trial court's

The underlying facts giving rise to this civil action filed by Brown concern his guilty plea to three counts of robbery in 2003 and his subsequent post-conviction motion contending that his plea was not entered knowingly or intelligently because he was on medication that affected his mental state. In the post-conviction proceedings, Brown's court-appointed attorney attempted to bolster Brown's claim by subpoenaing and attempting to locate Brown's medical records from numerous entities, including the defendants in this case. After the private entities denied having possession of the records, his attorney allegedly contacted an official in the medical records department of the York County Prison and the head nurse of the York County Prison Hospital. They both informed him that the records may have been misplaced or destroyed. On October 31, 2011, a court determined that Brown could not withdraw his guilty plea and denied his post-conviction petition.

On November 4, 2013, Brown filed a complaint against multiple defendants, asserting a federal constitutional tort claim as well as state law claims for negligence and fraud. For relief, Brown sought monetary damages and an order decreeing that the medical records were lost or destroyed during the retention period imposed by law. During the pleading stage, Brown obtained a copy of a contract between the York County Prison and PHS (Agreement), whereby PHS agreed to "maintain complete and accurate medical records for each inmate who has received health care services." (Agreement, attached to Brown's brief as Ex. A.) According to Brown, the Agreement terminated in 2006, at which point PHS had a contractual duty

order granting the remaining defendants' preliminary objections and remanded for the trial court to convene an evidentiary hearing regarding the timeliness of Brown's Pa.R.A.P. 1925(b) statement and, if necessary, to issue a supplemental Pa.R.A.P. 1925(a) opinion addressing the only issue Brown raised and preserved for review: whether he should be granted leave to amend.

After our remand in *Brown II*, the trial court found that Brown's Rule 1925(b) statement was timely filed and concluded that there was no legal basis to grant amendment.

to deliver his medical records to the Warden. *See id.* ("At the termination of this Agreement, all medical records shall be delivered to and remain with the Warden.").

On May 20, 2014, Brown filed a motion to amend his complaint. By order dated June 5, 2014, the trial court denied the motion on the ground that Brown failed to provide proof of service in accordance with the local rules. The trial court's denial, however, was without prejudice to Brown to refile an amended complaint provided that he complied with the applicable rules regarding service. (Supplemental Reproduced Record (S.R.R.) at 84b.)

On July 31, 2014, Brown filed a certification, purporting to establish service of his proposed amended complaint and requesting leave to amend. In the proposed amended complaint, Brown sought to add the Warden as a defendant and asserted that, prior to discovering the Agreement in the course of this litigation, he had no reason to believe that the Warden was in possession of his medical records. Brown averred that the Warden was responsible for his medical records upon expiration of the Agreement and had breached a legal duty to properly maintain and/or safeguard his medical records when they were lost and/or destroyed prior to or during his post-conviction proceedings. Brown further alleged that he suffered injury as a result of Warden's failure to fulfill that legal duty, particularly that he was deprived of the opportunity to submit documentation in support of his claim for post-conviction relief. (S.R.R at 81b-86b.)

In a supplemental Rule 1925(a) opinion dated May 31, 2017, the trial court concluded that Brown's claims in the amended complaint were barred by governmental immunity because the averments established that the Warden was acting within the scope of his employment with the York County Prison when the alleged wrong

3

occurred. Accordingly, the trial court determined that it did not err in denying Brown's motion to amend.

On appeal, Brown argues that he pled a viable cause of action against the Warden in his amended complaint and that the trial court erred in disallowing amendment.

It is well established that leave to amend is within the sound discretion of the trial court, *Reed v. Pray*, 53 A.3d 134, 143 (Pa. Cmwlth. 2012), and will not be reversed absent a clear abuse of discretion. *Feingold v. Hill*, 521 A.2d 33, 39 (Pa. Super. 1987). A trial court does not abuse its discretion in denying leave to amend where the complaint's defects are so substantial that amendment would be futile. *Reed*, 53 A.3d at 143-44; *Weaver v. Franklin County*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007).

Here, the Warden is an employee of a local agency. *See King v. Breach*, 540 A.2d 976, 980-81 (Pa. Cmwlth. 1988); *Damron v. Smith*, 616 F. Supp. 424, 425-26 (E.D. Pa. 1985). The act commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§8541-42, applies to employees of local agencies and, with delineated exceptions, reaffirms governmental immunity for conduct of an employee performed in connection with his/her employment.[2]

Initially, "[s]ection 8550 of the Tort Claims Act provides that immunity does not apply where it is judicially determined that the act of the employee causing the injury constituted a crime, actual fraud, actual malice, or willful misconduct. 42 Pa.C.S. §8550." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014).[3] However, Brown's amended complaint is devoid of factual

---

[2] *See* section 8541 of the Tort Claims Act, 42 Pa.C.S. §8541 ("Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.").

[3] The statutory proviso states:

circumstances that could support an inference that the Warden possessed the wrongful intent necessary to overcome the official/governmental immunity conferred to him by the Tort Claims Act. Indeed, Brown does not include allegations that the Warden acted intentionally, wrongfully, maliciously, fraudulently, or deceitfully. *See Orange Stones*, 87 A.3d at 1026.

When considered as a tort, Brown's claim against the Warden sounds in negligence. If the claim against an employee does not rise to the level of willful misconduct, but, instead, is based on negligence, the employee is generally shielded by governmental immunity to the same extent as the local agency. *Id.* at 1023. In these circumstances, to pierce through governmental immunity and impose liability on the employee, a plaintiff must do two things: (1) allege a cognizable, negligence-based cause of action, and (2) plead an enumerated exception to governmental immunity. *See id.*

First and foremost, a plaintiff must allege that an employee committed "negligent acts" of the type where "damages would be recoverable under common law or a statute creating a cause of action . . . ." Section 8542(a)(1) of the Tort Claims Act,

---

§ 8550. Willful misconduct.

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. §8550.

42 Pa.C.S. §8542(a)(1).  Here, Brown asserts a claim against the Warden for allegedly breaching a duty of care to preserve his medical records – records which Brown desired to use as evidence in the post-conviction proceedings to withdraw his guilty plea. However, the Pennsylvania Supreme Court has specifically held that the negligent failure to preserve items that could potentially be used as evidence, also known as spoliation,[4] is not a valid cause of action under Pennsylvania common law.  *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011) ("[W]e have never imposed a duty in tort not to commit negligent spoliation of evidence, and we now hold that such a cause of action is not viable in Pennsylvania.").  This is so even where a legal or other "special relationship" exists between the plaintiff and the defendant.  *Id.* at 694.  Therefore, in accordance with *Pyeritz*, Brown has not plead a cognizable negligence claim.[5]

Even if Pennsylvania law recognized a negligence claim based upon the destruction of medical records, Brown's claim would still fail because it does not fit within an enumerated exception to governmental immunity.  Section 8542(b)(2) of the Tort Claims Act creates an exception to immunity for claims involving "[t]he care, custody or control of personal property of others in the possession or control of the local agency."  42 Pa.C.S. §8542(b)(2).  However, "[t]he only losses for which damages shall be recoverable under this paragraph are those *property losses suffered with respect to the personal property* in the possession or control of the local agency." *Id.* (emphasis added).  As such, the Tort Claims Act permits recovery only for compensatory damages, or diminution in value to the property itself, and does not allow

---

[4] "'Spoliation of evidence' is the non-preservation or significant alteration of evidence for pending or future litigation." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

[5] We are unable to locate, and Brown does not point to, a statute or regulation that creates an express cause of action for failing to preserve medical records.  Although the regulations at 28 Pa. Code §115.22 and 28 Pa. Code §115.23(a) touch upon the subject, they do not provide for a private cause of action.

an award of special damages or consequential losses, such as the inability to file and/or succeed in a separate lawsuit that implicates or relates to the property. Consequently, because Brown seeks damages to redress the fact that he could not present his medical records as evidence in the post-conviction proceedings, and not for the destruction or misplacement of the medical records themselves, his claim does not fit within this exception to immunity. *See Pyeritz v. Commonwealth*, 956 A.2d 1075, 1081 (Pa. Cmwlth. 2008), *aff'd on other grounds by* 32 A.3d 687 (Pa. 2011) (concluding that the exception did not apply because "this is not a case . . . where the injury sued for is injury to the property itself;" rather, "[t]he alleged injury here is to legal claims arising out Decedent's death because of the destruction of the [property]."); *see also Holland v. Commonwealth*, (Pa. Cmwlth., No. 4 M.D. 2011, filed September 14, 2011) (unreported). Otherwise, there is no other exception to immunity in the Tort Claims Act that is arguably applicable to the averred facts.[6]

In his proposed amended complaint, Brown does not plead a sustainable constitutional tort claim via section 1983.[7] As explained above, the gist of Brown's

---

[6] In passing, we note that Brown does not have a claim in assumpsit against the Warden. The Agreement may demonstrate that the medical records were in the Warden's possession at the time the alleged loss or misplacement occurred, but the Agreement does not impose upon the Warden a contractual duty to preserve the medical records. Although regulations require hospitals to keep medical records "on file for a minimum of 7 years following the discharge of a patient," 28 Pa. Code §115.23(a), and to store medical records "in such a manner as to provide protection from loss, damage and unauthorized access," 28 Pa. Code §115.22, the Warden is not a "hospital" or other, similar medical facility. Even assuming, *arguendo*, that the Agreement necessarily implied that the Warden would maintain the records in accordance with these regulatory provisions, Brown would not have a valid contractual arrangement with the Warden due to lack of consideration. *See Petticord v. Joyce*, 578 A.2d 632, 634 (Pa. Cmwlth. 1990) (concluding that a purported contract failed for lack of consideration because the defendant prothonotary was already obligated by statute to perform the conduct giving rise to the alleged breach); *see also In re Commonwealth Trust Company of Pittsburgh*, 54 A.2d 649, 651 (Pa. 1947).

[7] Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983, *as amended*.

claim sounds in negligence. The United States Supreme Court has held that a section 1983 claim for loss or destruction of property cannot be based on mere negligent conduct. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original). To the extent Brown claims that he was denied his First Amendment right to access the courts, this claim fails for the same reason. *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004) (per curiam) ("[W]e have made clear that an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts."); *Pink v. Lester*, 52 F.3d. 73, 75-77 (4th Cir. 1995); *see Gibson v. Superintendent of New Jersey Department of Law & Public Safety,* 411 F.3d 427, 445 (3d Cir. 2005)*, overruled on other grounds by Dique v. New Jersey State Police*, 603 F.3d 181, 187-88 (3d Cir. 2010).

Alternatively, in order to state a claim for denial of access to the courts, a prisoner must demonstrate that the government frustrated or impeded an underlying nonfrivolous legal claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Here, Brown's underlying legal claim is the post-conviction proceeding. To establish that this legal claim had arguable merit, Brown would have to demonstrate that the medical records would have proven that his guilty plea was legally invalid because it was not entered knowingly or intelligently. However, the United States Supreme Court has held that a section 1983 claim cannot be used for this purpose – that is, to collaterally attack, attempt to invalidate, or otherwise undermine the legal basis for a conviction. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [section] 1983 damages actions that necessarily require

8

the plaintiff to prove the unlawfulness of his conviction or confinement."); *see Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) (stating that a guilty plea is sufficient to bar a subsequent section 1983 claim contesting the basis for or validity of the plea).

Therefore, having determined that Brown has not alleged a plausible claim in his proposed amended complaint, we conclude that the trial court did not err in denying him leave to amend.[8] Accordingly, we affirm the trial court's final order dismissing Brown's complaint.[9]

_____

PATRICIA A. McCULLOUGH, Judge

---

[8] In reaching our disposition, we by no means condone the untimely and/or improper destruction of medical records, whether it be unintentional or otherwise.

[9] In *Brown II*, we determined that, despite some procedural mishap and confusion, the trial court's March 24, 2006 order had the effect of disposing of all claims and parties in this case and, therefore, was the final appealable order. Slip op. at 2-3 n.1.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                                          :
                    Appellant                         :
                                                      :   No.  590 C.D. 2016
            v.                                         :
                                                      :
York County Prison, York County                       :
Prison Medical Department, Prison                     :
Health Services Inc., Corizon Health                  :
Inc., Sandra M. Ulerick, Prime Care                   :
Medical Inc., Jennifer Miosi, Ashley                  :
Doe, Jane Doe, John Doe                               :


## ***ORDER***


            AND NOW, this 16th day of October, 2017, the March 24, 2016 order
of the Court of Common Pleas of York County is hereby affirmed.


                                        _____
                                        PATRICIA A. McCULLOUGH, Judge