# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford Karolski,
        Petitioner

      v.

PA Dept of Corrections, et al.,
        Respondents

:
:
:
:
:
:
:
:
:

No. 151 M.D. 2023
Submitted: September 9, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: October 11, 2024

Before this Court is the Pennsylvania Department of Corrections' (DOC), and DOC Sergeants Leonard's (Sgt. Leonard) and Swarigin's (Sgt. Swarigin)[1] (collectively, Respondents) Preliminary Objection[2] to Clifford Karolski's (Karolski) pro se Petition for Review in the nature of a Complaint (Petition) filed in this Court's original jurisdiction. After review, this Court sustains Respondents' Preliminary Objection and dismisses the Petition.


**Facts**

Karolski is currently incarcerated at the State Correctional Institution (SCI) at Forest. On March 16, 2023, Karolski filed the Petition against DOC and

---

[1] Sgts. Leonard's and Swarigin's first names do not appear in the pleadings.

[2] Although entitled Preliminary Objections, Respondents only alleged one preliminary objection.

Sgt. Swarigin and Sgt. Leonard in their official and individual capacities.[3]  Karolski averred in the Petition:

> FACTS
>
> 8. The [R]espondents [Sgts.] Leonard [and] Swarigin stole [] [Karolski's] following listed property while [Karolski] was being held in the Restrictive Housing Unit [(RHU)] of [SCI-]Camphill [sic].
>
> List of stolen items          values[4]
> * * *                         * * *
>
> Total of [S]tolen Property        Total=$1,231.09.
>
> 9. The [R]espondents [Sgts.] Leonard [and] Swarigin violated their employment duties to provide [c]are, [c]ustody [and] [c]ontrol when they stole [Karolski's] personal property.
>
> 10. The [R]espondents [Sgts.] Leonard [and] Swarigin violated [DOC's] [C]ode of [E]thics when they stole [Karolski's] personal property.
>
> 11. [DOC,] being the employer of the [R]espondents [Sgts.] Leonard [and] Swarigin[,] it is liable for the actions of its employees [R]espondents [Sgts.] Leonard [and] Swarigin stealing [Karolski's] personal property.
>
> 12. The [R]espondents [Sgts.] Leonard [and] Swarigin committed the criminal act of [Section 5301 of the Crimes Code,] 18 Pa.[C.S.] § 5301[,] official oppression when they stole [Karolski's] personal property.

Petition at 2-5.

---

[3] On May 15, 2023, this Court directed Karolski to pay the filing fee or request *in forma pauperis* (IFP) status with an inmate account statement.  On May 18, 2023, this Court granted Karolski IFP status.

[4] Karolski set forth a list of 88 items, ranging from the least expensive item, i.e., a "Prepaid Envelope" for "$.76[,]" to the most expensive item, i.e., an "Eden TV w/remote" for "$238.50[.]" Petition at 2-4.

In the Petition, Karolski also avers that at all relevant times, DOC was responsible for the care, custody, and control of his property, *see* Petition ¶ 3, and that Sgt. Leonard and Sgt. Swarigin were responsible for his personal property while he was being housed in the RHU at SCI-Camp Hill. *See* Petition ¶¶ 4-5. Karolski claims that he has exhausted his administrative remedies.[5] *See* Petition ¶ 13. Karolski seeks $1,231.09 for the loss of property allegedly stolen from him, and $49.70 to cover the cost of copies made in litigating this matter thus far. *See* Petition ¶¶ 14-15. In addition, Karolski requests "[c]osts of litigation to be determined." Petition ¶ 16.

On June 14, 2023, Respondents filed their Preliminary Objection in the nature of a demurrer, asserting therein that since Karolski has failed to allege sufficient facts establishing that anything occurred beyond the intentional confiscation of his personal property, Respondents are protected by sovereign immunity, and this action must be dismissed.[6] On that same date, Respondents filed a brief in support of their Preliminary Objection.[7] By August 11, 2023 Order, this

---

[5] Notwithstanding that Karolski alleged that he exhausted all administrative remedies, *see* Petition ¶ 13, there are no factual averments supporting this allegation.

[6]      [A]lthough [Pennsylvania Rule of Civil Procedure] 1030 indicates that immunity ordinarily must be raised in New Matter, "a party may raise the affirmative defense of immunity as a preliminary objection where it is clearly applicable on the face of the [petition for review]; that is, that a cause of action is made against a governmental body[,] and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014) (citation omitted). Because [Respondents] argue[] that [Karolski's] . . . claims are barred on their face by sovereign immunity, [this Court] can and will address the merits of that defense here.

*Firearms Owners Against Crime - Inst. for Legal, Legis. & Educ. Action v. Evanchick*, 291 A.3d 507, 513-14 (Pa. Cmwlth. 2023).

[7] On July 6, 2023, Karolski filed an Application for Appointment of Counsel (Application). By July 13, 2023 Order, this Court denied Karolski's Application.

Court directed Karolski to file a brief in opposition to the Preliminary Objection, which he did on September 1, 2023.

## Discussion

Initially,

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. Th[is] Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer*, *a court must confine its analysis to the* [*petition for review*].

*McNew v. E. Marlborough Twp.*, 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023) (emphasis added) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted)).

Respondents argue that Karolski has failed to state a claim upon which relief may be granted. Specifically, Respondents contend that because Karolski has failed to allege sufficient facts to establish that anything occurred beyond the intentional confiscation of his personal property, Respondents are entitled to sovereign immunity.

> Although the Commonwealth [of Pennsylvania (Commonwealth)] and its agencies are generally shielded by the defense of sovereign immunity, our General

4

> Assembly has waived that defense "as a bar to an action against Commonwealth parties[] for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. § 8522(a). Thus, "[t]o impose liability on a Commonwealth party, (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of what is commonly referred to as the Sovereign Immunity Act. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)).

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (footnotes omitted). However, "[s]overeign immunity is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment." *Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017). Further, "[t]he tort of conversion of property does not sound in negligence; it embodies a claim of intentional wrongdoing." *Sutton v. Bickell*, 220 A.3d 1027, 1035 (Pa. 2019). Moreover, this Court "recognize[s] that intentional conduct may fall within, or outside, the scope of a state employee's duties, depending on the circumstances." *Id.*

Here, Karolski averred: "[Sgts.] Leonard [and] Swarigin stole [] [Karolski's] following listed property while [Karolski] was being held in the [RHU] of [SCI-]Camp[ H]ill[,]" Petition ¶ 8, and that "[Sgts.] Leonard [and] Swarigin violated their employment duties to provide [c]are, [c]ustody[, and] [c]ontrol when they stole [Karolski's] personal property." Petition ¶ 9. This is the entirety of his "FACTS" as alleged in the Petition. Petition at 2. The Petition is devoid of any facts averring specifically (1) when the alleged takings occurred, i.e., what dates did the alleged takings occur; (2) what occurred, i.e., did Sgts. Leonard and Swarigin

5

allegedly take Karolski's property while Karolski was present or when Karolski was away from his cell; (3) where the property was taken from, i.e., was the property out in the open, in a foot locker, or in storage; and/or (4) which individual or individuals did the taking, i.e., did Sgt. Leonard allegedly take some property and Sgt. Swarigin allegedly take other property, or did one allegedly take the property while the other allegedly watched the taking of his property.

Further, Karolski asserts that the alleged intentional taking was in violation of Sgts. Leonard's and Swarigin's job duties, *see* Petition ¶ 9, and that the alleged taking was in violation of DOC's Code of Ethics. *See* Petition ¶ 10. However, he does not plead any facts to support those bald assertions, i.e., what are Sgts. Leonard's and Swarigin's job duties, and how did they allegedly violate them, what does DOC's Code of Ethics include, and how did Sgts. Leonard and Swarigin allegedly violate the same. Because Karolski has not presented any allegations to substantiate his claims that anything occurred beyond the intentional confiscation of his personal property, Respondents are entitled to sovereign immunity. Accordingly, Karolski has failed to state a claim upon which relief may be granted.

For all of the above reasons, Respondents' Preliminary Objection is sustained, and Karolski's Petition is dismissed.

_____
ANNE E. COVEY, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford Karolski,            :
         Petitioner    :
                               :
        v.               :
                               :
PA Dept of Corrections, et al.,  :   No. 151 M.D. 2023
         Respondents  :

## O R D E R

AND NOW, this 11th day of October, 2024, the Pennsylvania Department of Corrections' (DOC) and DOC Sergeants Leonard's and Swarigin's Preliminary Objection to Clifford Karolski's Petition for Review (Petition) is SUSTAINED and the Petition is DISMISSED.

 

                                       _____

                                       ANNE E. COVEY, Judge